D+F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
MOUNT VERNON FIRE INSURANCE :
COMPANY, : 05 CV 3190 (ARR)(KAM)
:
Plaintiff, :
: NOT FOR ELECTRONIC
-against- : OR PRINT
: PUBLICATION
:
A.S. CONSTRUCTION, INC., :
BETTY COHEN, MARTIN COHEN, : OPINION AND ORDER
RAY HABER, and SHARON HABER, :
:
Defendants. :
:
-------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") commenced this action for declaratory relief in connection with a general liability insurance policy it issued to defendant A.S. Construction. In 2004, A.S. Construction, in the course of performing work in New York on behalf of defendants Ray and Sharon Haber, allegedly damaged the property of defendants Betty and Martin Cohen, the Habers' neighbors. (Am. Compl. ¶ 20.) The Cohens have filed cross-claims against A.S. Construction (Cohens Answer ¶ 142-51) and the Habers (Id. ¶ 152-60). The Cohens have also filed a counterclaim against Mount Vernon. (Id. ¶ 161-67.) Now pending before the court are motions by the Habers, A.S. Construction, and Mount Vernon to dismiss the Cohens' cross-claims. For the reasons set forth below, the motions are granted and the Cohens' cross-claims are dismissed without prejudice.

1

## BACKGROUND

The procedural background is set forth only with respect to those issues particularly relevant to the disposition of the instant motions.

### The Lawsuits

The parties are involved in several lawsuits relating to the construction work, the alleged property damage, and the insurance coverage. In January 2005, the Habers filed suit in New York Supreme Court, Kings County (hereinafter the "Haber Action"), seeking to enjoin the Cohens from interfering with the work the Habers hired A.S. Construction to perform and to recover damages for the alleged interference. The Cohens responded to that lawsuit by filing an answer and several counterclaims against the Habers.

The Cohens also responded by filing suit in February 2005 against A.S. Construction in New York Supreme Court, Kings County (hereinafter the "Cohen Action"). The Cohen Action has since been removed to this court, where it is now pending and consolidated for purposes of discovery with the instant action. (See Cohen v. A.S. Construction, No. 05 Civ. 1602.)

On July 1, 2005, A.S. Construction filed suit against Mount Vernon in New Jersey state court (hereinafter the "New Jersey Action"), seeking a declaratory judgment that Mount Vernon has a duty to defend and indemnify A.S. Construction in the Cohen Action and seeking damages.

Also on July 1, 2005, Mount Vernon filed the instant lawsuit. By order dated December 4, 2006, the court denied A.S. Construction's motion for a dismissal or a stay pursuant to the Brillhart abstention doctrine and decided to exercise its discretion to entertain this declaratory judgment action. (Dkt. No. 37.) (On that date, the Cohen Action was reassigned to the undersigned judge and Magistrate Judge Matsumoto.)

## Mount Vernon's Amended Complaint

Mount Vernon seeks a declaratory judgment that it "has no duty to defend or indemnify A.S. Construction, or any other party to this action, with respect to any and all of the claims made and suit brought" in the Cohen Action or any related action because: (1) A.S. Construction failed to provide timely notice (Am. Compl. ¶¶ 24-38); (2) the policy excludes claims arising from "earth movement" (Am. Compl. ¶¶ 39-44); (3) the policy excludes coverage for "excavation work" (Am. Compl. ¶¶ 45-52); (4) the Habers are neither insureds nor additional insureds to the policy issued to A.S. Construction (Am. Compl. ¶¶ 53-59); (5) the policy excludes coverage for contractual liability and so does not cover any claims against A.S. Construction relating to A.S. Construction's alleged agreement to procure liability insurance naming the Habers or the Cohens as additional insureds on the policy (Am. Compl. ¶¶ 60-66); (6) the policy excludes coverage for professional liability (Am. Compl. ¶¶ 67-71); (7) the policy excludes coverage for "impaired property" (Am. Compl. ¶¶ 72-76); (8) the policy excludes coverage for punitive damages (Am. Compl. ¶¶ 77-81); (9) the policy does not cover an act of trespass (Am. Compl. ¶¶ 82-87); and (10) the policy does not cover claims for injunctive relief (Am. Compl. ¶¶ 88-92). Mount Vernon also seeks a declaration, based on the policy it issued to A.S. Construction in 2006, that it has no duty to defend or indemnify any of the defendants for the same reasons set forth in causes of action two through ten, as well as because the 2006 policy excludes coverage for "personal and advertising injury" and intentional conduct. (Am. Compl. ¶¶ 93-121.)

## A.S. Construction's Answer

A.S. Construction filed an answer in response to Mount Vernon's Amended Complaint. (Dkt. No. 54.) This pleading contains counterclaims by A.S. Construction against Mount

3

Vernon, whereby A.S. Construction seeks a declaration that Mount Vernon is obligated to defend and indemnify it and further seeking damages for breach of contract and breach of the covenant of good faith and fair dealing.[1] (Id. at ¶¶ 149-75.)

**The Cohens' Answer**

The Cohens also filed an answer to Mount Vernon's Amended Complaint, in which they stated cross-claims against A.S. Construction and the Habers and a counterclaim against Mount Vernon. (Dkt. No. 55, hereinafter "Cohens Answer".)

The Cohens' cross-claim against A.S. Construction alleges that A.S. Construction failed to comply with several provisions of the City of New York Building Code and acted negligently, thereby causing damage to the Cohens' property in an amount exceeding $500,000.[2] (Cohens Answer ¶¶ 142-51.) More specifically, the cross-claim alleges that the Habers hired A.S. Construction as a general contractor for excavation and construction work; that A.S. Construction performed the excavation work negligently and in violation of the Building Code; and that this improper excavation work caused damages to the Cohens' property.

The Cohens make the same allegations against the Habers. In this cross-claim, the Cohens allege that the Habers or their agents were negligent in the performance of the excavation

---

[1] These allegations largely replicate A.S. Construction's complaint in the New Jersey Action, which it commenced.

[2] These allegations are repeated and enlarged upon in the Cohens' Second Amended Complaint against A.S. Construction. (See Cohen v. A.S. Construction, No. 05 Civ. 1602, Dkt. No. 30.)

4

work, in the supervision of it, and in the retention of A.S. Construction to perform such work.³ (Cohens Answer ¶¶ 152-60.)

The Cohens also state a counterclaim against Mount Vernon, seeking a declaratory judgment that Mount Vernon is obligated to defend and indemnify A.S. Construction in the Cohen Action and to pay any and all damages awarded to the Cohens against A.S. Construction. (Cohens Answer ¶¶ 161-67.)

## DISCUSSION

Rule 57 of the Federal Rules of Civil Procedure makes those rules applicable to actions, such as this one, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Rule 13(g) provides that "[a] pleading may state as a cross-claim any claim by one party against a co-party *arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein* or relating to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g) (emphasis added).

The standard for determining whether a cross-claim arises out of the same transaction or occurrence that is the subject matter of the original action is the same standard used to identify a compulsory counterclaim. See Federman v. Empire Fire and Marine Ins. Co., 597 F.2d 798, 813 (2d Cir. 1979) ("[T]he Rule 13(a) test for determining a compulsory counterclaim is identical to the Rule 13(g) test for cross-claims."); Centaur Ins. Co. v. Port Authority of New York and New Jersey, No. 84 Civ. 2288, 1987 WL 6224, at *3 (E.D.N.Y. Jan. 13, 1987) ("The meaning of 'transaction or occurrence' is considered to be identical to the test for determining whether a

---

³ These allegations are also made, along with others, as counterclaims in the Cohens' Second Amended Answer filed in the Haber Action.

counterclaim is compulsory under Rule 13(a)."); 3-13 Moore's Federal Practice - Civil § 13.70[1] ("The analysis for determining whether a cross-claim arises out of the same transaction or occurrence is the same as that for determining whether a counterclaim is compulsory."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1432 (same).

In this Circuit, that standard is met "when there is a 'logical relationship' between the counterclaim and the main claim. Although the 'logical relationship' test does not require 'an absolute identity of factual backgrounds,' the 'essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" Jones v. Ford Motor Credit Co., 358 F.3d 205, 209 (2d Cir. 2004) (internal citations omitted); Kristensons-Petroleum, Inc. v. Sealock Tanker Co., Ltd., 304 F. Supp. 2d 584, 588 (S.D.N.Y. 2004); see also Goldman Marcus, Inc. v. Marcus, No. 99 Civ. 11130, 2000 WL 297169, at *3 (S.D.N.Y. Mar. 21, 2000) ("Courts in this Circuit employ a case-by-case approach that looks to the strength and nature of the 'logical relationship' between counterclaims and the jurisdiction-conferring claims.").

The issue of "whether the matters of [underlying tort] injuries may be injected into a liability insurer's federal declaratory judgment action through the ploys of cross- and counterclaims" has been described as "a question still much in dispute." See Travelers Indemnity Co. v. Winmill, 294 F. Supp. 394, 398 (D. Minn. 1968) (discussing issue while electing to abstain pursuant to Brillhart); see also 6 Federal Practice and Procedure §§ 1410, 1432; 10B Federal Practice and Procedure § 2768.

Where the injured party's claim of negligence involves a factual investigation unrelated to the insurance dispute in the main action, the asserted cross-claim has been held to arise out of a distinct transaction or occurrence and thus lies beyond the scope of Rule 13(g). See St. Paul Fire and Marine Ins. Co. v. Mannie, 91 F.R.D. 219, 221 (D.N.D. 1981) ("The terms of the policy and their application to a given set of facts is a question entirely separate from the question of [the insured's] alleged negligence in allowing [the injured party] to ride his horse.") (dismissing counterclaim against plaintiff-insurer); Allstate Ins. Co. v. Daniels, 87 F.R.D. 1, 5 (W.D. Okla. 1978) ("The original action is not concerned with whether or not negligence was committed in the accident which resulted in injuries to the Daniels or the amount of their damages or any defenses raised to the Daniels' claims.") (dismissing injured party's cross-claims); Fireman's Fund Ins. Co. v. Trobaugh, 52 F.R.D. 31, 33 (W.D. Okla. 1971) ("[E]ssentially, [insurer's] complaint presents an ordinary non-coverage claim based on an exclusionary provision in the policy whereas [the injured party's] cross-claim presents a negligence claim, independent of insurance coverage and it cannot be said that the issues of fact necessary to determine the legal questions present in both the complaint and the cross-claim are identical.") (dismissing injured party's cross-claims); Globe Indemnity Co. v. Teixeira, 230 F. Supp. 444, 447-49 (D. Haw. 1963) (holding that counterclaims and cross-claims did not arise out of same transaction or occurrence as original action and distinguishing from case where issues were identical); Allstate Ins. Co. v. Smith, 169 F. Supp. 374, 376 (E.D. Mich. 1959) (holding that injured party's counterclaim for damages against insurer did not arise out of same transaction or occurrence as original claim); see also Edwin Borchard, Declaratory Judgments 652 (2d ed. 1941) ("The liability under the policy and the liability for negligence are indeed two separate transactions.").

However, in some circumstances, the issues raised by the negligence cross-claim may overlap to such an extent with those raised by the original claim that the cross-claim is proper. "This would be true, for example, when the insurer is claiming nonliability on the ground that the car in question was not under the control of the insured at the time of the accident, and the insured is raising the same defense against the injured person." 6 Federal Practice and Procedure § 1432 (citing, *inter alia*, Collier v. Harvey, 179 F.2d 664 (10th Cir. 1949)).

Although courts have reached opposite conclusions, see, e.g., Plains Ins. Co. v. Sandoval, 35 F.R.D. 293, 296 (D. Colo. 1964), this court, guided by the "logical relationship" test described above and persuaded by the reasoning of courts so holding, finds that the Cohens' cross-claims are not so closely connected to Mount Vernon's original claims that they may be found to arise out of the same transaction or occurrence. Nor do they arise out of the same transaction or occurrence as the Cohens' counterclaim against Mount Vernon, which itself merely mirrors Mount Vernon's request for declaratory relief.[4]

The court is not persuaded by the Cohens' arguments that their cross-claims "arise from the same occurrence, i.e., the negligent conduct of A.S. Construction that caused damage to the Cohens' premises." This states the connection too generically to satisfy the standard. See Yetnikoff v. Mascardo, No. 06 Civ. 13494, 2007 WL 690135, at *2 (S.D.N.Y. Mar. 6, 2007) ("This is true only in the same sense that all the claims arise ultimately from Yetnikoff's decision to live in Manhattan, or from the fact of his birth."); Harry Winston, Inc. v. Kerr, 72 F. Supp. 2d

---

[4] Although the court reaches this conclusion, the court sees no reason to believe the Cohens filed the cross-claims in bad faith or without justification. The court's research on this issue disclosed authorities, such as the decision noted above, allowing similar cross-claims based in part on the equitable grounds argued by the Cohens here.

8

263, 266 (S.D.N.Y. 1999) ("At a sufficiently general level, everything is logically related to everything else."); Allstate Ins. Co. v. Daniels, 87 F.R.D. 1, 5 (W.D. Okla. 1978) ("A general relevancy between the original action and the cross-claim is not enough to satisfy Rule 13(g).").

Although the Second Circuit, in the course of reversing the dismissal of cross-claims in Cam-Ful Indus., Inc. v. Fidelity and Deposit Co. of Maryland, stated that "all the claims arise out of a single construction project–the 'common occurrence' requirement of [United Mine Workers of America v.] Gibbs, [383 U.S. 715 (1966)]," 922 F.2d 156, 160 (2d Cir. 1991), the reinstatement of the cross-claims in Cam-Ful resulted not from this dicta, but rather from the fact that the original claim "was derivative in nature and stemmed solely from" the liability owed to the cross-claimant such that resolution of the original claim "*necessarily* required determination of the cross-claims," 922 F.2d at 161. That kind of connection is absent in this case.

The Cohens' more specific arguments for a close connection are similarly unconvincing. The issues of fact that they suggest are common to the cross-claims and the main action–"the seriousness of the claim and the legitimacy of damages" and whether the Habers own the premises upon which A.S. Construction worked–do not sufficiently overlap with the "essential facts" of the insurance dispute. Under New York and New Jersey law,[5] the insurer's duty to defend is determined by comparing the allegations in the complaint with the language of the insurance policy. See Cardinal v. Long Island Power Authority, 309 F. Supp. 2d 376, 391 (E.D.N.Y. 2004); Voorhees v. Preferred Mutual Ins. Co., 128 N.J. 165, 173-74, 607 A.2d 1255 (1992). Thus, these facts and others even more essential to the cross-claims, such as whether the

---

[5] The court's prior opinion, regarding Brillhart abstention, suggested that New Jersey law would govern substantive insurance issues in this action. As noted, the same result obtains whichever state's law is applied.

construction work was negligently performed, do not sufficiently overlap with the insurer's claims that its policy excludes coverage of claims arising from "earth movement" or "excavation work." In this case, the insurer's bases for noncoverage do not overlap with the insured's defenses to the tort claims. Contrary to the Cohens' assertion, the issues to be resolved in the cross-claims are not so logically connected to those in the main claims as to warrant the conclusion that they all arise from the same transaction or occurrence.

## CONCLUSION

For the reasons set forth above, the Cohens' cross-claims fail to comply with Rule 13(g). Accordingly, the court grants the motions and hereby dismisses the Cohens' cross-claims without prejudice. See Ross v. Bolton, 639 F. Supp. 323, 329 (S.D.N.Y. 1986) ("As the cross-claim does not meet the criteria of Rule 13(g), we order that it be dismissed."). Discovery shall continue unabated. No adjournments of the discovery schedule set by Magistrate Judge Matsumoto shall be permitted.

SO ORDERED.

s/ Judge Allyne R. Ross
Allyne R. Ross
United States District Judge

Dated: August 7, 2007
Brooklyn, New York